**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|   |   |
|---|---|
| **ORIN S. JOHNSON, GARY A. JONES, and AM-RAD INC.,** )<br>)<br>) |   |
| Plaintiffs, ) |   |
| ) |   |
| v. ) | **Case No. 08-2198** |
| ) |   |
| **SIMONTON BUILDING PROPERTIES, INC., SIMONTON HOLDINGS, INC., and FORTUNE BRANDS, INC.,** )<br>)<br>) |   |
| Defendants. )<br>) |   |

**MEMORANDUM AND ORDER**

On January 6, 2009, this court granted in part Defendants' motion to dismiss. Plaintiffs now seek reconsideration of that order (Doc. 44). For the reasons discussed below, Plaintiffs' motion is denied.

**I.     Background**

Plaintiffs Orin S. Johnson and Gary A. Jones developed and patented a flash-free welding technique for joining pieces of thermoplastic window frames. Johnson and Jones assigned ownership of those patents to Plaintiff Am-Rad, Inc.

In November 2004, Plaintiffs entered into a License Agreement with Defendant Simonton Building Properties, Inc. (Simonton) for the license and use of the welding

system. The License Agreement, as amended in July 2005, granted Simonton exclusive license to use the welding technology in the fenestration industry in exchange for an up-front cash payment to Johnson and Jones. Additionally, the License Agreement established a future joint venture between the parties to market the welding technologies. The License Agreement allowed Simonton use of Plaintiffs' patents to develop new joining techniques as long as the new techniques do not infringe on the patents. But Simonton agreed to contribute to the joint venture any enhancements or additional patents Simonton acquired "as the result of placing into production products utilizing the [Plaintiffs' welding technology] which incorporates the claims of the patents . . . and improvements thereto."

Plaintiffs also allege in their complaint that they "enter[ed] into a relationship of confidence and trust and fiduciary relationship, as well as an implied agreement and/or an existing joint venture or partnership with [Simonton] to assist and jointly work with [Simonton] to develop and adapt the technology into a production process for the parties' joint ownership and profit." Plaintiffs contend that, while cultivating this relationship, various Simonton executives reassured them that they were "partners" and were "in it together" and that Johnson and Jones "would be included 100% on any additional patents" obtained.

In December 2005 and again one year later in December 2006, Simonton applied for patents, both of which remain pending and neither of which names Johnson or Jones as an inventor. Plaintiffs contend that these patent applications are enhancements or

2

improvements to the patents they licensed to Simonton, and as such, Plaintiffs assert, they should be property of the parties' joint venture.

In 2006, Simonton filed a declaratory judgment action in the Northern District of West Virginia, asking the court to resolve the parties' dispute over the two new patent applications. That case was dismissed after the court declined to exercise jurisdiction because the patent applications were pending before the Patent and Trademark Office (PTO) and because the claims were not ripe for review. *Simonton Bldg. Prods., Inc. v. Johnson*, 553 F. Supp. 2d 642 (N.D. W. Va. 2008).

Plaintiffs' First Amended Complaint before this court alleged the following eleven causes of action: Count I - Breach of Fiduciary Duty; Count II - Breach of the Implied Covenant of Good Faith and Fair Dealing; Count III - Breach of the License Agreement; Count IV - Breach of the NDNU Agreement; Count V - Tortious Interference with Contracts; Count VI - Tortious Interference with Business Relationship and Business Expectancy; Count VII - Aiding and Abetting; Count VIII - Quantum Meruit/Unjust Enrichment; Count IX - Violations of the Trade Secrets Act of Minnesota (where Johnson and Jones reside and where Am-Rad is incorporated); Count X - Violations of the Trade Secrets Act of Kansas (where Millennium is incorporated and where Am-Rad has its principal place of business); and Count XI - Violations of the Trade Secrets Act of West Virginia (where Simonton is incorporated and has its principal place of business).

Defendants sought dismissal of all eleven counts. This court dismissed as unripe Counts I, II, III, V, VI, and VII. *Millennium Marketing Group, LTD. v. Simonton Building Props, Inc.*, No. 08-2198, 2009 WL 37385, *4 (D. Kan. Jan. 6, 2009). Additionally, this court dismissed Count VIII as to Defendant Fortune Brands, Inc. *Id.* at *5. Plaintiffs ask for reconsideration on Counts I, VI, VII, and VIII.

## II.     Motion to Reconsider

Although Plaintiffs styled their motion as a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.3, neither of these rules apply. *Ferluga v. Eickhoff*, 236 F.R.D. 546, 548 (D. Kan. 2006). Rule 59(e) allows for a motion to alter or amend a judgment, Fed. R. Civ. P. 59(e), but no judgment has been entered in this case. Local Rule 7.3 only applies to non-dispositive orders, D. Kan. R. 7.3(b), but the court's order was dispositive because it terminated some of Plaintiffs' claims. Thus, neither the Federal Rules of Civil Procedure nor this court's local rules recognize a motion for reconsideration when it contemplates a dispositive order for which no final judgment is entered. *Ferluga*, 236 F.R.D. at 548-49; *Nyhard v. U.A.W. Int'l*, 174 F. Supp. 2d 1214, 1216 (D. Kan.2001).

Nonetheless, it is well within the court's discretion to revise an interlocutory order at any time prior to the entry of final judgment. Fed. R. Civ. P. 54(b); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir.1991); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988). Consequently, the court will treat the motion as a motion

for reconsideration based on the court's inherent power to review its interlocutory orders. *See, e.g.*, *Ferluga*, 236 F.R.D. at 549. In doing so, the court will apply the legal standards applicable to a Rule 59(e) motion to alter or amend and/or a motion to reconsider a non-dispositive order under Local Rule 7.3, which are essentially identical. *Id.*

A motion seeking reconsideration "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) (stating these same three grounds for a Rule 59(e) motion). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Servants of Paraclete*, 204 F.3d at 1012. It is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id.* at 1012.

   *A.    Counts I, VI, and VII*

The court dismissed Count I (Breach of Fiduciary Duty), Count VI (Tortious Interference with Business Relationship and Business Expectancy), and Count VII (Aiding and Abetting) as being unripe because the resolution of those counts depends on an interpretation of the specific claims in the Simonton patents, which have not yet been approved in their final form by the Patent and Trademark Office. Thus, this court found that the issue of whether the Simonton patents constitute an enhancement or improvement on the Am-Rad patents is not yet ripe for judicial decision.

Plaintiffs now ask the court to reconsider that ruling, arguing that the court misapprehended "Plaintiffs' position, the facts, and the law" in dismissing those counts. Specifically, Plaintiffs assert that Counts I, VI, and VII are not entirely dependent upon the unripe issue and therefore should not be dismissed. Plaintiffs contend that these counts are grounded in the same issues as their Unjust Enrichment claim, which this court did not dismiss as unripe. Thus, Plaintiffs argue that the court erred in dismissing these counts as unripe.

In resolving the motion to dismiss, however, the court addressed and rejected Plaintiffs' argument that those claims are still viable in part because they do not entirely rely on the unripe issue. In fact, the court quoted Plaintiffs' specific factual arguments about how their claims are based on actions of Defendants not related to the question of whether the patents overlap. In their opposition to the motion to dismiss, Plaintiffs identified the following actions by Defendants that underlie Plaintiffs' claims:

> (a) intentionally drafting the Simonton Patent Applications to avoid or try to avoid Simonton's obligation to contribute them to the joint venture to be created under the License Agreement, (b) secretly filing the Simonton Patent Applications, (c) using, disclosing and misappropriating the Confidential Information and Trade Secrets and the fruits of the parties' joint efforts for their own personal gain, and (d) falsely taking the position that the apparatus, processes and technology disclosed in the Simonton Patent Applications were the result of Simonton's independent, but parallel research and development and belonged to Simonton, alone, and that such apparatus, processes and technology were not the result of or based on the Confidential Information and Trade Secrets, or the parties' joint efforts, thereby excluding Johnson, Jones and Am-Rad from the ownership of and profit from such technology contrary to the parties' confidential and fiduciary relationship and implied agreement and/or existing joint venture or partnership.

*Millennium*, 2009 WL 37385, at * 4.  The court noted that "[e]ach of these actions, however, only supports Plaintiffs' claims for relief if the Simonton patents constitute enhancements or improvements of the Am-Rad patents. . . . Thus, despite Plaintiffs' efforts to recharacterize their claims as not relying on the unripe issue, the claims are nonetheless inextricably linked to the question of whether Simonton's two new patents enhance or improve upon Am-Rad's existing patents." *Id.*

Plaintiffs identify no error by the court that would warrant reconsideration of this ruling.  Plaintiffs do not point to any particular fact or law that the court misapprehended.  Instead Plaintiffs are merely restating their position and expressing their disagreement with the court's ruling, and that is insufficient to justify reconsideration.  *Servants of Paraclete*, 204 F.3d at 1012.

Moreover, although Plaintiffs try to now characterize Counts I, VI, and VII as based on the same facts as their unjust enrichment claim, they failed to raise that argument in opposing the motion to dismiss.  The paragraph quoted above is how Plaintiffs previously characterized Counts I, VI, and VII.  Now, in seeking reconsideration, Plaintiffs try to refocus the claims on facts related to the unjust enrichment claim, including various benefits they allegedly conferred to Simonton. But, as quoted above, Counts I, VI, and VII in fact are based on Simonton's actions relating to the new patent applications.  Any attempt now to reframe the counts in the complaint so as to avoid dismissal cannot be grounds for reconsideration.  *Id.*

*B.     Count VIII*

7

The Court dismissed Count VIII (Quantum Meruit/Unjust Enrichment) as to Defendant Fortune Brands, concluding that Plaintiffs had made no allegation that Fortune Brands requested Plaintiffs provide any services to it or was otherwise in privity with Plaintiffs:

> In the absence of privity, a quantum meruit claim can proceed if Plaintiffs conferred a benefit that Fortune Brands accepted "under such circumstances as reasonably to notify [it] that the one performing such services expected to be compensated" for them. *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 848 (Kan. 1996). . . . Here, Plaintiffs specifically allege that Fortune Brand[s] "acknowledged and accepted the benefits" of Plaintiffs' information, services, and consultation. But given that Fortune Brand[s] was not a party to the express contracts between Plaintiffs and Simonton, it is unreasonable to conclude that Fortune Brand[s] would have perceived that Plaintiffs were acting outside the express terms of the contracts and expected additional compensation.

*Millennium*, 2009 WL 37385, at * 5. Plaintiffs argue that the court impermissibly weighed evidence to make a finding of fact that Fortune Brands would not have reasonably known that Plaintiffs expected to be compensated.

Although the court's language could perhaps have been clearer, the court intended to convey that Plaintiffs had alleged no facts to support a claim that they had "reasonably notif[ied]" Fortune Brands that they expected additional compensation. Thus, the court did not engage in improper fact-finding and finds no reason to reconsider the dismissal of this count as to Fortune Brands.

**III.    Motion for Interlocutory Appeal**

8

Plaintiffs request an opportunity to appeal these issues, if their motion for reconsideration is denied, to the Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1292. Section 1292(b) provides than an otherwise nonappealable order may be appealed if the district judge states in writing that (1) the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification under this section is within the discretion of the district court. *Swint v. Chambers County Commission*, 514 U.S. 35, 47 (1995).

The court declines to exercise its discretion to certify that this case is appropriate for interlocutory appeal. The court does not believe that an immediate appeal on the issues raised in the court's dismissal order would be appropriate under the criteria set forth.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Reconsideration (Doc. 44) is denied.

**IT IS SO ORDERED** this 31st day of March, 2009.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge

9