DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILLENNIUM MARKETING
GROUP, LTD, et al.,

                        **Plaintiffs,**

                                                                   CIVIL ACTION

v.

                                                                   No. 08-2198-JWL-DJW

**SIMONTON BUILDING**
**PRODUCTS, INC., et al.,**

                        **Defendants.**

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' unopposed Motion to File Exhibits Under Seal (doc. 139). Plaintiffs seek leave, *post hoc*, to seal Exhibits B and D to their Motion to Stay (doc. 136). Plaintiffs state that Exhibits B and D refer to and/or discuss certain documents that were produced by Defendants and which have been designated "Confidential" under the parties' Stipulated Confidential Information Protective Order (doc. 39). Plaintiffs further state that Defendants' counsel recently brought to Plaintiff's attention the need for the exhibits to be filed under seal.

As is discussed below, the fact that Plaintiffs' request to seal is unopposed or that the documents sought to be sealed are materials covered by an agreed protective order is not, in itself, sufficient basis for this Court to seal the exhibits.

It is well settled that federal courts recognize a common-law right of access to judicial records.[1] This right derives from the public's interest "in understanding disputes that are presented

---

[1]*Hatfield v. Price Mgmt. Co.,* No. 04-2563-JWL-DJW, 2005 WL 375665, at *1 (D. Kan. Feb. 16, 2005); *Worford v. City of Topeka,* No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *Crystal Grower's*
(continued...)

to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[2] This public right of access, however, is not absolute.[3] Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion.[4] In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof.[5] Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[6]

In keeping with "the paramount right of public access," this Court requires a party moving for permission to file a particular document under seal to demonstrate a public or private harm that is sufficient to justify the sealing of the document.[7] That the parties have agreed a document should be filed under seal—pursuant to an agreed protective order or otherwise— is not sufficient; the party

---

[1](...continued)
*Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)); *Stapp v. Overnite Transp. Co.*, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

[2] *Worford*, 2004 WL316073, at *1 (citing *Crystal Grower's Corp.*, 616 F.2d at 461).

[3] *Id.* (citing *Stapp*,1998 WL 229538, at *1).

[4] *Id.* (citing *Stapp*,1998 WL 229538, at *1).

[5] *Id.* (citing *Stapp,* 1998 WL 229538, at *1 (citations omitted)).

[6] *Id*. (citing *Stapp*, 1998 WL 229538, at *1).

[7] *Hatfield*, 2005 WL 375665, at *1; *Holland v. GMAC Mortg. Corp*, No. 03-2666-CM*,* 2004 WL 1534179, at *1-2 (D. Kan. June 30, 2004); *Worford*, 2004 WL 316073 at *1.

seeking to file a document under seal must establish a harm sufficient to overcome the public's right of access to judicial records.[8]

In this case, Plaintiffs have failed to articulate any facts upon which the Court may base a finding of a public or private harm that would overcome the public's right of access. The only support for Plaintiffs' request is that the exhibits refer to and/or discuss documents that have been designated "Confidential" under the parties' agreed protective order. This is insufficient to meet the standard for sealing.

In light of the above, the Court will deny Plaintiffs' request to seal *post hoc* Exhibits B and D to their Motion to Stay. The Court's denial, however, is *without prejudice* to Plaintiffs refiling a motion that meets the standard set forth above.

**IT IS THEREFORE ORDERED** that Plaintiffs' unopposed Motion to File Exhibits Under Seal (doc. 139) is denied without prejudice.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 12th day of July 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and *pro se* parties

---

[8]*Holland,* 2004 WL 1534179 at *2; *Worford*, 2004 WL 316073 at *1.