# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ORIN S. JOHNSON, et al., )
)
                **Plaintiffs,** )
)
v. )
)    No. 08-2198-CM-DJW
SIMONTON BUILDING PRODUCTS, )
INC., et al., )
)
                **Defendants.** )
)

## MEMORANDUM AND ORDER

Plaintiffs Orin S. Johnson, Gary A. Jones, and Am-Rad, Inc., brought this action against defendants Simonton Building Products, Inc.; Simonton Holdings, Inc.; and Fortune Brands, Inc., alleging breach of contract (a non-disclosure, non-use agreement), unjust enrichment, and misappropriation of trade secrets. On January 26, 2011, the court granted summary judgment in favor of defendants and dismissed the case with prejudice. (Doc. 187.) The court concluded that the breach of contract claim had been abandoned; the unjust enrichment claim was barred by an express contract governing the subject matter; and that plaintiffs failed to allege evidence sufficient to establish a genuine dispute of material fact regarding the existence of a trade secret under the Minnesota Uniform Trade Secrets Act. Before the court is Defendants' Motion for Attorney's Fees and Expenses (Doc. 189). For the following reasons, the court finds that it need not await a response from plaintiffs, and hereby denies the motion.

**I.**    **Factual Background**

The factual background of this case is set out in this court's January 26, 2011 Memorandum and Order and need not be repeated here. Defendants estimate that their attorney's fees and

expenses incurred in defending this action since plaintiffs filed their First Amended Complaint on August 11, 2008, are approximately $1,800,000.00

## II. Standards

Pursuant to Minn. Stat. Ann. § 325C.04, if a claim of trade secret misappropriation is made in bad faith, the court may award reasonable attorney's fees to the prevailing party. Defendants are the prevailing party in this case.

No Minnesota court has defined the term "bad faith" as used in § 325C.04. But at least one federal court applying Minnesota law has employed a two-part inquiry to determine that bad faith exists when the court finds (1) objective speciousness of the plaintiff's claim, and (2) plaintiff's subjective misconduct in bringing or maintaining a claim for misappropriation of trade secrets. *Norwood Operating Co. v. Beacon Promotions, Inc.*, No. 04-1390 (MJD/SRN), 2006 WL 3103154, at *2 (D. Minn. Oct. 31, 2006) (quoting *Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts*, 222 F. Supp. 2d 733, 744 (D. Md. 2002). "Objective speciousness exists where there is a complete lack of evidence supporting [p]laintiff's claims." *Id.* (quotations and citations omitted). "Subjective misconduct is judged by the relative degree of speciousness of plaintiff's trade secrets claim and its conduct during litigation." *Id.* (citing *Computer Econ., Inc. v. Gartner Grp., Inc.*, No. 98-CV-0312, 1999 WL 33178020, at *6 (S. D. Cal. Dec. 14, 1999)).

## III. Discussion

Defendants argue plaintiffs' lack of evidence is indicative of objective speciousness. And as evidence of misconduct, defendants cite plaintiffs' timing in adding the claim and plaintiffs' persistence in pursuing the claim despite defendants' pointing out the insufficiency of plaintiffs' responses to interrogatories regarding the claims.

However, the court declines to find that plaintiffs brought or maintained their misappropriation of trade secrets claim in bad faith. *Wixon Jewelers, Inc. v. Aurora Jewelry Designs*, No. C0-01-2149, 2002 WL 1327014, at *2 (Minn. Ct. App. June 18, 2002) (reversing district court's award of attorney's fees where, although party continued to assert claim after discovery produced no evidence to support it, there was no evidence the misappropriation claim was made in bad faith when it was filed and claimant survived summary judgment).

As the court noted in its Memorandum and Order on summary judgment, plaintiffs appeared to have established a genuine issue of material fact as to the second, third, fourth, and fifth elements of their misappropriation claim. Ultimately, however, the court determined that, setting aside the opinions of plaintiffs' expert, the admissible evidence, viewed in the light most favorable to plaintiffs, was insufficient to demonstrate a genuine issue of material fact as to the first element: whether the information cited by plaintiffs indeed constituted a trade secret.

Although defendants prevailed in this action, the court rejects the suggestion that plaintiffs' arguments—including those relating to the misappropriation of trade secrets claim—were objectively specious. Nor does the court agree that the evidence supports a finding of misconduct. In its discretion, and under the circumstances of this case, the court finds that an award of attorney's fees is unwarranted under Minn. Stat. Ann. § 325C.04.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Attorney's Fees and Expenses (Doc. 189) is denied.

Dated this <u>31st</u> day of March 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**