## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| ORIN S. JOHNSON, | ) | |
| GARY A. JONES, and | ) | |
| AM-RAD, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 08-CV-2198-CM |
| | ) | |
| SIMONTON BUILDING PRODUCTS, INC.,) | | |
| SIMONTON HOLDINGS, INC., and | ) | |
| FORTUNE BRANDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Orin S. Johnson, Gary A. Jones, and Am-Rad, Inc. brought this action against defendants Simonton Building Products, Inc.; Simonton Holdings, Inc.; and Fortune Brands, Inc., alleging breach of contract, unjust enrichment, and misappropriation of trade secrets.  On January 26, 2011, the court granted summary judgment to defendants on all of plaintiffs' claims.  Defendants subsequently filed a bill of costs under Federal Rule of Civil Procedure 54, and the clerk taxed $20,202.01 in costs against plaintiffs on June 24, 2011.  Currently before the court is plaintiffs' Motion to File Out of Time Plaintiffs' Motion for Judicial Review of the Clerk's Taxation of Costs (Doc. 202), which was filed on July 26, 2011.  Specifically, plaintiffs seek an extension arguing that the twenty-five day delay was caused by the fact that Scott Norman, a nonparty, was unavailable due to a death in his wife's family.  After carefully reviewing the parties' briefs and the applicable law, the court denies plaintiffs' motion.

Federal Rule of Civil Procedure 54 provides that costs—other than attorney's fees—should be allowed to the prevailing party.  The clerk may tax costs and, on motion served within the next seven days, the court may review the clerk's actions.   In this case, the clerk taxed costs against plaintiffs on June 24, 2011.  Thus, plaintiffs had until July 1, 2011, to file a motion requesting the court to review the clerk's actions.  Plaintiffs failed to meet this deadline.

Having failed to file their request by the July 1, 2011 deadline, plaintiffs filed a motion for extension of time on July 26, 2011.  A motion for extension of time filed <u>after</u> the deadline will not be granted absent a showing of excusable neglect.  D. Kan. Rule 6.1(a) ("Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."); *see also* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").  Excusable neglect is an elastic concept and is not easily demonstrated.  *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993);[1] *U.S. v. Gibson*, 832 F. Supp. 324, 326 (D. Kan. 1993) (noting that the standard for excusable neglect is "very stringent"); *see also Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) ("'Excusable neglect' is not easily demonstrated, nor was it intended to be.").  The determination of excusable neglect is, at its core, an equitable determination that takes into account all of the relevant surrounding circumstances including (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including

---

[1] *Pioneer* involved the interpretation of "excusable neglect" in the Bankruptcy Act.  Courts apply this standard in the context of Federal Rule of Civil Procedure 6(b).  *See, e.g.*, *Stringfellow v. Brown*, No. 95-7145, 1997 U.S. App. LEXIS 433, at *2–3 (10th Cir. 1997); *Hillcrest Bank, N.A. v. Anzo*, No. 11-2035-JAR, 2011 U.S. Dist. LEXIS 84342, at *17–18   (D. Kan. Aug. 1, 2011).

whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  *Pioneer*, 507 U.S. at 395.

Plaintiffs advance arguments under each factor.  First, plaintiffs argue that there is no prejudice to defendants because the delay in recovering its costs is "likely insignificant" when compared to defendants' operating expenses and profits.  Second, plaintiffs argue that the length of the delay is only twenty-five days, which is slight.  Plaintiffs further argue that the court already dismissed this action, so there will not be a noticeable impact on judicial proceedings.  Third, plaintiffs argue that the delay was not within plaintiffs' reasonable control because it was caused by a death in Mr. Norman's (a nonparty) wife's family.[2]  Fourth, plaintiffs argue that there is no evidence of bad faith.  In response to these arguments, defendants point out several shortcomings in plaintiffs' timeline of events and also argue that plaintiffs' counsel inexplicably waited five (of the seven) days to send the bill of costs to their clients.  Defendants further cite several cases and argue that "Plaintiffs waived their right to challenge the Clerk's award."  (Doc. 204 at 3.)[3]

The factors of prejudice, length of delay, and good faith favor granting plaintiffs' motion.  But the factor regarding the reason for delay does not, and the Tenth Circuit has instructed that this

---

[2] Mr. Norman is the president and chief operating officer of Millennium Marketing Group, Ltd., which is an entity that originally appeared in this action as a plaintiff and, according to plaintiffs, is an entity against whom the clerk assessed costs.

[3] Some of the cases cited by defendants address the Tenth Circuit's ability to review a bill of costs when the appealing party failed to file a request with the district court.  *See, e.g.*, *Bloomer v. UPS, Inc.*, 337 F.3d 1220–21  (10th Cir. 2003) ("We dismiss because by failing to request the district court to review the clerk's award, Plaintiff has waived the right to judicial review.").  These cases do not discuss whether the court should allow plaintiffs to file a request out of time.  To the extent defendants are challenging the court's jurisdiction to hear plaintiffs' motion, the court determines that it has jurisdiction.  *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 n.6 (5th Cir. 1990) (explaining that the five-day period for requesting review under Federal Rule of Civil Procedure 54(d) is not jurisdictional); *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994) (same); *Hamilton v. Water Whole Int'l Corp.*, Nos. 07-6153, 07-6157, 302 Fed. App'x 789, 2008 U.S. App. LEXIS 24960, at *22–29 (10th Cir. Dec. 10, 2008).

"remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *City of Chanute v. Williams Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994); *see also Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) ("We have observed that the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import.").

Plaintiffs' primary explanation for missing the July 1, 2011 deadline was that plaintiffs' counsel waited for five days to send the bill of costs to plaintiffs and Mr. Norman. At that time, Mr. Norman was out of town due to a death in his wife's family, and he did not return to town until after the July 1, 2011 deadline. The court is sympathetic to the death in Mr. Norman's wife's family. However, the court does not believe these facts constitute excusable neglect.

First, and most significantly, Mr. Norman is <u>not</u> a current party to this lawsuit. Therefore, the court fails to understand why plaintiffs' inability to contact a nonparty is relevant to the analysis. Plaintiffs' counsel sent the bill of costs to plaintiffs as well as Mr. Norman. There is nothing to suggest that plaintiffs did not receive the bill of costs. Plaintiffs are competent individuals, they have been involved in the lawsuit, and they are presumably capable of analyzing the bill of costs and making a decision regarding district court review within the required time. If plaintiffs required Mr. Norman's input to determine whether a request should be filed, then plaintiffs should have filed a motion for extension of time <u>prior</u> to the July 1, 2011 deadline and explained the situation. But plaintiffs did not. Accordingly, the absence of Mr. Norman is not a convincing reason for plaintiffs' delay.

Second, plaintiffs have not provided a reason for the entire delay. Even assuming the death in Mr. Norman's wife's family accounted for a portion of the delay, plaintiffs have not provided any detailed explanation as to why Mr. Norman was unable to look at the necessary papers until July 18,

2011, and why plaintiffs waited until July 26, 2011, to file the current motion.  Instead, plaintiffs

merely state that "[d]ue to this death in the family, Scott Norman was unable to review Plaintiffs'

counsel's e-mail including the Clerk's revised Bill of Costs Form until recently."  (Doc. 203 at 3; *see*

*also* Doc. 203-1, Affidavit of Norman, at 2).  Again, the court is sympathetic to the death in Mr.

Norman's wife's family, but the above is not a sufficient explanation for the entire delay.  Instead,

plaintiffs should have provided more details regarding the duration of Mr. Norman's absence and the

activities that prevented Mr. Norman from reviewing the bill of costs.  Also, as noted above, once

plaintiffs knew that Mr. Norman was out of town, they should have moved the court prior to the July

1, 2011 deadline and included an explanation of the situation and a request for an extension.

Third, although the above reasons are sufficient for the court to deny the current motion, the

court's decision is further supported by plaintiffs' counsel's delay in sending the bill of costs to

plaintiffs.  The time period for filing a request with the court is seven days.  Plaintiffs' counsel waited

five days to send the bill of costs to plaintiffs and Mr. Norman.  Plaintiffs' memorandum provides no

explanation for this delay.  By the time the documents were sent, Mr. Norman was already out of

town.  Given the short timeline and counsel's unexplained delay, these facts also do not support a

finding of excusable neglect.  *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1121 (10th Cir. 2006)

(explaining that "the Supreme Court has repeatedly held civil litigants accountable for the acts and

omissions of their chosen counsel") (internal quotations and citations omitted); *Spears v. City of*

*Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("When parties wait until the last minute to comply

with a deadline, they are playing with fire.").

The standard for excusable neglect is stringent and few cases qualify for relief.  *See McDonald*

*v. Kansas*, No. 94-2192-KHV, 1996 U.S. Dist. LEXIS 6085, at *3 (D. Kan. Apr. 3, 1996) ("The test

for excusable neglect is a stringent one; excusable neglect should be strictly interpreted and, with the

exception of extraordinary cases where injustice would otherwise result, few cases will ordinarily qualify under the excusable neglect rubric.") (internal quotations and citations omitted).  The facts of this case do not constitute excusable neglect.  Indeed, excusable neglect "presumes that counsel has done all she could do under the circumstances."  *Id.* at *3 (internal quotations and citations omitted). Here, plaintiffs could have taken several actions to avoid (or at least mitigate) the present situation including filing a motion for extension of time prior to the July 1, 2011 deadline.  For all of the above reasons, plaintiffs' motion is denied.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to File Out of Time Plaintiffs' Motion for Judicial Review of the Clerk's Taxation of Costs (Doc. 202) is denied.

Dated this 22nd  day of August 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**